# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RYAN McCREARY, | Case No. 2:20-cv-01236-APG-BNW |
| Plaintiff | **ORDER** |
| v. | |
| CORE CIVIC, *et al.*, | |
| Defendants | |

This action began with a *pro se* civil rights complaint filed by Ryan McCreary under 42 U.S.C. § 1983. On August 6, 2020, Magistrate Judge Weksler ordered McCreary to file a complete application to proceed *in forma pauperis* or pay the full filing fee of $400 by October 2, 2020. ECF No. 13 at 4.

On August 24, 2020, the court received notice that McCreary's mail at ECF No. 13 was undeliverable as McCreary had been transferred or released from the Nevada Southern Detention Center. ECF No. 15. On September 8, 2020, McCreary filed a notice of change of address stating he was at FCI Herlong. That same day, the court remailed ECF No. 13 to McCreary's address at FCI Herlong. The October 2, 2020 deadline is long-since expired, and McCreary has not filed an application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise responded to Judge Weksler's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-

54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of

alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Weksler's order expressly stated:

> IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or, alternatively, the first three pages of the application to proceed *in forma pauperis* and an affidavit detailing the efforts he took to acquire both a financial certificate and an inmate account statement from prison officials, or pay the full $400 filing fee for a civil action on or before October 2, 2020, the court will dismiss this action without prejudice for Plaintiff to refile the case with the court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed *in forma pauperis*.

ECF No. 13 at 4. Thus, McCreary had adequate warning that dismissal would result from his noncompliance with Judge Weksler's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Ryan McCreary's failure to file an application to proceed *in forma pauperis* or pay the full $400 filing fee in compliance with this court's order.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.

DATED: November 24, 2024.

                                ANDREW P. GORDON
                                UNITED STATES DISTRICT JUDGE